**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

QUANIR TERRY,

   Petitioner,

v.

UNITED STATES OF AMERICA,

   Respondent.

Civil Action No. 17- 2673 (KM)

**OPINION**

APPEARANCES:

Quanir Terry, Petitioner *Pro Se*
70229-050
USP Allenwood
U.S. Penitentiary
P.O. Box 3000
White Deer, PA 17887

Joshua Leigh Haber, Esq.
Assistant United States Attorney
United States Attorney's Office
970 Broad Street, Suite 700
Newark, NJ 07102

   On behalf of Respondent.

**McNulty, United States District Judge**

## I. INTRODUCTION

   Petitioner Quanir Terry ("Petitioner"), a prisoner currently confined at USP Allenwood in Allenwood, Pennsylvania, moves to vacate, correct, or set aside his federal sentence pursuant to 28 U.S.C. § 2255. (ECF No. 1.) Respondent, United States of America ("Respondent") opposes

the motion. (ECF No. 13.) For the reasons explained in this Opinion, the Court will deny the motion and will deny a certificate of appealability.

## II. FACTUAL BACKGROUND & PROCEDURAL HISTORY

Petitioner was originally charged in the United States District Court for the District of New Jersey in a two-count indictment of possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and possession with intent to distribute heroin in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). (*United States v. Terry*, 3-2:16-cr-210, (hereinafter "16-cr-210") (16-cr-210 ECF No. 1.))

Following a plea agreement, Petitioner entered a guilty plea to count one of the indictment, possession of a firearm by a convicted felon. The plea agreement included, *inter alia*, the following provisions:

> As set forth in Schedule A, this Office and Quanir Terry waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.
>
> Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Quanir Terry by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to the sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement and (2) the full nature and extent of Quanir Terry's activities and relevant conduct with respect to this case.

(16-cr-210 ECF No. 25 at 3.)

Prior to sentencing, the United States Probation Office prepared a Presentence Investigation Report (hereinafter, "PSR"). The PSR calculated a 24 base offense level as a result of the instant firearm possession offense occurring subsequent to two prior drug convictions.

2

(PSR § 4.) He also received a four-level increase pursuant to United States Sentencing Guidelines ("USSG") 1K2.1(b)(6)(B) because his crime of conviction occurred while he was committing another felony offense, possession and distribution of heroin. (PSR § 20.) The PSR then decreased the total offense level by two for acceptance of responsibility under § 3E1.1(a) and one level pursuant to § 3E1.1(b). (PSR ¶¶ 26-27.) Thus, the PSR calculated a total offense level of 25. (PSR § 28.) Based on a variety of prior offenses, the PSR determined a criminal history score of 13 and a corresponding criminal history category of VI. (PSR §§ 28, 38, 40.) Petitioner's total offense level and criminal history category resulted in a guideline imprisonment range of 110 to 137 months. (PSR § 83.)

At Petitioner's sentencing on December 22, 2016, this Court adopted the PSR as its findings of facts in the case. (ECF No. 15-3 at 3.) Petitioner was subsequently sentenced to 110-months incarceration followed by a three-year term of supervised release. (12-cr-6100 ECF No. 28 at 2-3.)

Petitioner did not file a direct appeal challenging his conviction or sentence. (ECF No. 1 at 2.) On April 18, 2017, Petitioner filed a motion to vacate, set aside, or correct his conviction or sentence under 28 U.S.C. § 2255. (ECF No. 1.) Respondents filed a letter brief in lieu of a formal answer on October 3, 2017. (ECF No. 15.) Petitioner filed a reply on November 21, 2017. (ECF No. 16.) The matter is fully briefed and ready for disposition.

### III. STANDARD OF REVIEW

Section 2255 provides in relevant part that:

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States ... may move the court which imposed the sentence to vacate, set aside or correct the sentence.

3

28 U.S.C. § 2255(a).

A district court must hold an evidentiary hearing on a § 2255 motion unless the "motion and the files and records of the case conclusively show" that the movant is not entitled to relief. 28 U.S.C. § 2255(b); *see also United States v. Booth*, 432 F.3d 542, 545–46 (3d Cir. 2005). Here, the record demonstrates that Petitioner is not entitled to relief on his claims because his arguments lack merit.

## IV. DISCUSSION

Petitioner raises four grounds for relief, which he titles as follows-

1. "Ineffective assistance of counsel."
2. "Breach of government's contract (Plea agreement)."
3. "The court appointed counsel was grossly ineffective."
4. "Based upon the derelictions of duty and performance of the court appointment counsel."

The underlying argument in all four grounds listed in Petitioner's motion is that his sentence was a result of the PSR's application of ineligible criteria that erroneously raised his offense level computation. More specifically, Petitioner submits first, that the computation was affected by erroneous consideration of the facts of a charged offense that was dismissed in accordance with the plea agreement. He also submits that the computation erroneously considered two prior drug convictions as a controlled substance offense or a crime of violence pursuant to USSG § 2K2.1(a)(2). He insists that his counsel was ineffective by failing to object to the improper computation and he is entitled to be resentenced.

The government responds that Petitioner's motion fails for all of the following reasons. First, because Petitioner waived his right to challenge his sentence according to the terms of the

plea agreement into which he entered. (ECF No. 15 at 4-6.) Further, that contrary to Petitioner's claim that he was unduly punished for conduct that should not have been considered for sentencing purposes, he has not demonstrated any prejudice as he benefitted from the favorable plea agreement which he entered into and the subsequent sentence . (*Id.*)

A. **Claims Related to Petitioner's Prior Drug Convictions and Base Offense Level**

Petitioner submits that the PSR base offense level calculation, which considered his two predicate state convictions for controlled substance offenses, was based on an erroneous interpretation of his state court convictions. Petitioner further submits that his counsel was ineffective for failing to object to this calculation either prior to or at his sentencing.

Petitioner has two prior state convictions for distribution of a controlled substance in a school zone, N.J.S.A. 2C:35-7. (PSR §§ 35, 37.) As a result of these two convictions, the United States Probation Department calculated Petitioner's base offense level to be 24. (PSR § 4.) At the outset, the Court notes that these two convictions were identified as the basis for a 24 base offense level in Petitioner's written plea agreement, which he signed more than two weeks prior to his guilty plea hearing. (16-cr-210 ECF No. 25 at 8.)

Petitioner now argues that the prior convictions should not have been used to raise his base offense level under USSG § 2K2.1 (a)(2) (base offense level is "24, if the defendant committed any part of the instant offense subsequent to sustaining at least two felony convictions of . . . a controlled substance offense").

Here, Petitioner relies on an unpublished Third Circuit Court of Appeals opinion, where the court held that an immigration petitioner's state court drug convictions did not qualify as aggravated felonies for immigration removal purposes. *See Chang-Cruz v. Att'y. Gen.*, 659 F. App'x 114, *119 (3d Cir. 2016). While Petitioner correctly asserts that both he and Chang-Cruz

5

were both convicted of the same New Jersey state drug offenses, those prior convictions were not considered for the same purpose. Chang-Cruz's drug convictions were considered for purposes of immigration-related consequences, namely removal. To count for that purpose, the prior conviction was required to be an "aggravated felony." *See Chang-Cruz,* 659 F. App'x at 115. Petitioner's prior drug offenses, on the other hand, were being considered for sentencing purposes consistent with USSG § 2K2.1(a)(2). Unlike immigration law, the Sentencing Guidelines calculation of criminal history points includes a wide variety of prior convictions, which do not need to have been "aggravated felonies." The 2K2.1(a)(2) enhancement requires, not an aggravated felony, but a "controlled substance offense," as defined in U.S.S.G. § 4B1.2 *See* USSG § 2K2.1(a)(2) & app. Note 1.[1]

Thus the Third Circuit has held that *Chang-Cruz,* an immigration case, did not control the issue of whether a state-law drug conviction under N.J. Stat. Ann. § 2C:35-7 qualified as a controlled substance offense under U.S.S.G. § 4B1.1 and 4B1.2. *United States v. Jackson,* 711 F. App'x 90, 92 (3d Cir. 2017). *See also Gonzalez v. United States,* No. 16-cv-9412, 2017 WL 4119585, at *2-*3 (D.N.J. Sept. 15, 2017) (rejecting the application of *Chang-Cruz* when determining if a defendant's prior drug convictions qualify him as a career offender under the Sentencing Guidelines). And the Third Circuit has held directly that N.J. Stat. Ann. § 2C:35-7(a) (possession with intent to distribute heroin in a school zone) qualifies as a "controlled substance offense" under the definition in U.S.S.G. § 4B1.2. *United States v. Lampley,* 723 F. App'x 152, 154 (3d Cir. 2018).

---

[1] *Chang-Cruz* cited the immigration law definition of "aggravated felony," which includes "(B) illicit trafficking in a controlled substance (as defined in section 802 of Title 21), including a drug trafficking crime (as defined in section 924(c) of Title 18)" 8 U.S.C § 1101(a)(43). These requirements do not read onto U.S.S.G. § 2K2.1(a)(2), which requires only a prior conviction of two "controlled substance offense[s]" under the broad definition of U.S.S.G. § 4B1.2(b), which explicitly refers to state-law felonies.

6

Consequently, Petitioner has not established that his counsel's performance implicates either *Strickland* prong. *See Strickland*, 466 U.S. at 687 ("[B]oth deficiency and prejudice must be proven to support a valid claim for relief for ineffective assistance of counsel.") The record reflects that his counsel made considerable arguments highlighting mitigating factors such as her client's difficult childhood, his having made contact with the criminal justice system at a very young age and his subsequent pattern of recidivism. (ECF No. 15-3 at 44-47.) Counsel had no legal basis to object to how the Guidelines were applied to Petitioner's guidelines offense level. Thus, trial counsel was not ineffective for failing to object to a valid base offense level computation. Counsel's performance was not deficient and no prejudice resulted from counsel's failure to lodge what amounted to an invalid objection.

## B. Claims Related to Petitioner's Four-Level Enhancement

Petitioner also submits that a dismissed count in the indictment was improperly considered, resulting in an increased offense level. Consideration of the dismissed count, he argues, was a breach of the plea agreement, and his counsel was ineffective for failing to object.[2] More specifically, he argues that the four-level increase for possessing "any firearm . . . in connection with another felony offense" was improper. He considers this enhancement to be additional punishment based on conduct that the plea agreement stipulated would be dismissed.

Respondent argues that Petitioner is prohibited from raising this claim because the plea agreement waives collateral attacks like this one:

> 11. Quanir Terry knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed

---

[2] Petitioner raises this claim within the context of an ineffective assistance claim in his motion. In his reply, however, he states that he "does not claim that counsel was ineffective because the counts that were dismissed were used at sentencing." (ECF No. 16 at 5.)

7

by the sentencing court if that sentence falls within or below the Guidelines range
that results from the agreed total Guidelines offense level of 25.

(ECF No. 15 at 4; 16-cr-210 ECF No. 25 at 8.) Such a waiver will be enforced unless enforcement would constitute a "miscarriage of justice." *See Mabry v. Shartel*, 632 F. A'ppx 707, 710 (3d Cir. 2015) (citations omitted). (Plea agreement waivers are generally enforced where the court determines "(1) that the issues [the defendant] pursues on appeal fall within the scope of his appellate waiver and (2) that he knowingly and voluntarily agreed to the appellate waiver, unless (3) enforcing the waiver would work a miscarriage of justice."). No such showing has been proffered.

It is true that the terms of Petitioner's plea agreement included a provision that count two of the indictment, knowingly and intentionally distributing heroin, would be dismissed in exchange for Petitioner's guilty plea to count one of the indictment, felon in possession of a firearm. (16-cr-210 ECF No. 25 at 8.) That same plea agreement, however, contgained a stipulation that that the facts of the heroin distribution charge would be considered as relevant conduct and used as the basis for an upward adjustment pursuant to USSG § 2K2.1(b)(6)(B):

> 5. The defendant used or possessed a firearm and ammunition in connection with another felony offense. The offense level is therefore increased by 4 levels

(*Id.*) Section 2K2.1(b)(6)(B) of the Sentencing Guidelines provides for a four-level increase in the Guidelines base offense level "[i]f the defendant used or possessed any firearm or ammunition in connection with another felony offense; or possessed or transferred any firearm or ammunition with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense . . . USSG § 2K2.1(b)(6)(B). Moreover, Application Note 14 provides, "another felony offense" is defined as "any Federal, state, or local offense, other than the explosive or firearms possession or trafficking offense, punishable by

8

imprisonment for a term exceeding one year, *regardless of whether a criminal charge was brought, or a conviction obtained.*" *Id.* at § 2K2.1 cmt. n.14(C) (emphasis added); *see United States v. Mayo*, 425 F. App'x 162, 162 (3d Cir. 2011) (not precedential) (affirming application of 4-point enhancement where the Government had agreed to dismiss the charge that constituted the conduct underlying the enhancement)..

Petitioner has not made a sound argument establishing why the conduct underlying his dismissed drug charge should not be considered for sentencing purposes, as he agreed. *See United States v. Frierson*, 945 F.2d 650, 654 (3d Cir. 1991) ("The Guidelines require consideration of conduct relevant to the offense of conviction in determining specific offense characteristics.") While Petitioner maintains that the sentence enhancement negated any expected benefit from the plea agreement, he has not established that the Court could not consider the offense. Moreover, Petitioner did received a considerable benefit from having count two of the indictment dismissed. That offense of conviction, as Respondent points out, would have been Petitioner's third "controlled substance offense," exposing him to classification as a career offender pursuant to the guidelines, and a vastly increased sentence in the range of twenty years. *See* U.S.S.G. § 4B1.1; ECF No. 15 at 4.)

Petitioner states that "the court appointed counsel allowed, encourage[d], badger[ed], coerce[d], threaten[ed] and place[d] under duress to take and enter into a deal . . . " (ECF No. 1 at 6.) Notwithstanding Petitioner's bare assertion that his counsel engaged in untoward conduct, such as coercion, to convince him to accept the plea agreement, the record reflects otherwise. Petitioner signed a written plea agreement and also engaged in an extensive colloquy about the voluntariness of his guilty plea with this Court at his guilty plea hearing. (16-cr-210 ECF No. 25, 17-cv-2673 ECF No. 15-2 at 9-24.) Moreover, despite Petitioner's expressed disappointment

9

with the PSR offense level computation, he points to no error. Moreover, it was the very offense level to which he agreed:

> 9. In accordance with the above, the parties agree that the total Guidelines offense level applicable to Quanir Terry is 25(the "agreed total Guidelines offense level").

(*Id.*)

Petitioner has not established deficient representation or prejudice. For the reasons explained in this section, the Court finds that Petitioner's claims do not warrant relief. Petitioner's motion to vacate, set aside, or correct his conviction or sentence is denied.

## V. CONCLUSION

For the reasons discussed above, Petitioner's § 2255 motion is denied.

## VI. CERTIFICATE OF APPEALABILITY

This Court must determine whether Petitioner is entitled to a certificate of appealability in this matter. *See* Third Circuit Local Appellate Rule 22.1. The Court will issue a certificate of appealability if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Based on the discussion in this Opinion, Petitioner has not made a substantial showing of denial of a constitutional right. This Court will not issue a certificate of appealability.

An appropriate order follows.

Dated August 27, 2019

KEVIN MCNULTY
United States District Judge